IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Johnathan Kilmer**, on behalf of himself and all others similarly situated, | Case No. _____ |
| **Plaintiff,** | |
| v. | |
| **Burntwood Tavern Holdings LLC d/b/a Chef Art Pour Restaurant Group LLC,** an Ohio corporation, **Burntwood Tavern Beachcliff LLC d/b/a Burntwood Tavern Rocky River LLC,** an Ohio corporation, **Burntwood Tavern Belden Village LLC,** an Ohio corporation, **Burntwood Tavern Bell Tower LLC,** an Ohio corporation, **Burntwood Tavern Brecksville LLC,** an Ohio corporation, **Burntwood Tavern Chagrin Falls LLC,** an Ohio corporation, **Burntwood Tavern Crocker Park LLC,** an Ohio corporation, **Burntwood Tavern Cuyahoga Falls, LLC,** an Ohio corporation, **Burntwood Tavern Daytona LLC,** an Ohio corporation, **Burntwood Tavern Fairlawn LLC,** an Ohio corporation, **Burntwood Tavern Grand Oaks LLC,** an Ohio corporation, **Burntwood Tavern Gulf Coast LLC,** an Ohio corporation, **Burntwood Tavern Lyndhurst LLC,** an Ohio corporation, **Burntwood Tavern Naples LLC,** an Ohio corporation, **Burntwood Tavern North Olmsted LLC,** an Ohio corporation, **Burntwood Tavern Solon LLC,** an Ohio corporation, **M Italian LLC,** an Ohio corporation, **Rose Italian Kitchen Cuyahoga Falls** | **COLLECTIVE AND CLASS ACTION COMPLAINT** |

1

**LLC d/b/a Leo's Italian Social,** an Ohio corporation, and **Rose Italian Kitchen Solon LLC,** an Ohio corporation,

**Defendants.**

Plaintiff Johnathan Kilmer ("Plaintiff"), individually and on behalf of all others similarly situated who are current or former Sous Chefs or equivalent reporting level back of house position, however variously titled (collectively "Sous Chefs" and "Collective Members"), by and through undersigned counsel, hereby brings suit against Defendants alleging as follows:

## NATURE OF THE ACTION

1.    This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiff individually and for Plaintiff and the Collective Members as a collective action (the "Collective Action"), and for Plaintiff individually and for Plaintiff and the class of current or former Sous Chefs as a class action under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01, et seq. ("Ohio MFWSA") and Ohio Rev. Code Ann. § 4113.15(b) (collectively the "Class Action"), for Plaintiff, the Collective Members, and the absent Class Action members, who worked more than 40 hours as a Sous Chef in any workweek at any of Defendants' locations in the State of Ohio, for which workweek the Sous Chef was paid on a pay date within the period beginning three years preceding the filing date of this Complaint and ending on

2

the date of judgment in this matter (the "FLSA relevant period"), who elect to opt

into this action pursuant to 29 U.S.C. § 216(b) of the FLSA, and as to Class

Action claims two years preceding the filing date of this Complaint and ending on

the date of judgment in this matter (the "Class Action relevant period").

## THE PARTIES

2.      Plaintiff Johnathan Kilmer ("Plaintiff") is a resident of Summit

County, Ohio, within this judicial district.

3.      Plaintiff worked as a Sous Chef for Defendants in Cuyahoga County,

Ohio, within the Cleveland forum of this judicial district, and in summit County,

Ohio, from approximately July, 2016 until approximately April, 2019 (Plaintiff's

"period of Sous Chef employment"), at the Lyndhurst Burntwood Tavern located

at 5835 Landerbrook Dr, Lyndhurst, Ohio 44124, the Fairlawn Burntwood Tavern

located at 3750 W. Market St., Fairlawn, Ohio 44333, the Solon Burntwood

Tavern located at 33675 Solon Rd., Solon, Ohio 44139, and the Cuyahoga Falls

Burntwood Tavern located at 2291 Riverfront Pkwy, Cuyahoga Falls, Ohio 44221.

4.      According to its corporate filings with the Ohio Secretary of State,

Defendant Burntwood Tavern Holdings LLC is an Ohio corporation doing

business as Chef Art Pour Restaurant Group, LLC ("CAPRG") and may be served

with process on its registered agent Bret J. Adams, 504 Washington Street,

Chagrin Falls, OH 44022.

5. According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Beachcliff LLC is an Ohio corporation doing business as Burntwood Tavern Rocky River LLC and may be served with process on its registered agent Bret J. Adams, 504 Washington Street, Chagrin Falls, OH 44022.

6. According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Belden Village LLC is an Ohio corporation and may be served with process on its registered agent SMDK Agency, Inc., 3333 Richmond Road, Suite 370, Beachwood, OH 44122.

7. According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Bell Tower LLC is an Ohio corporation and may be served with process on its registered agent SMDK Agency, Inc., 3333 Richmond Road, Suite 370, Beachwood, OH 44122.

8. According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Brecksville LLC is an Ohio corporation and may be served with process on its registered agent Bret Adams, 200 Glen Road, Moreland Hills, OH 44022.

9. According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Chagrin Falls LLC is an Ohio corporation and may

be served with process on its registered agent Bret J. Adams, PO Box 45, Chagrin Falls, OH 44022.

10. According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Crocker Park LLC is an Ohio corporation and may be served with process on its registered agent SMDK Agency, Inc., 3333 Richmond Road, Suite 370, Beachwood, OH 44122.

11. According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Cuyahoga Falls LLC is an Ohio corporation and may be served with process on its registered agent Bret Adams, PO Box 45, Chagrin Falls, OH 44022.

12. According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Daytona LLC is an Ohio corporation and may be served with process on its registered agent SMDK Agency, Inc., 3333 Richmond Road, Suite 370, Beachwood, OH 44122.

13. According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Fairlawn LLC is an Ohio corporation and may be served with process on its registered agent SMDK Agency, Inc., 3333 Richmond Road, Suite 370, Beachwood, OH 44122.

14. According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Grand Oaks LLC is an Ohio corporation and may

be served with process on its registered agent SMDK Agency, Inc., 3333 Richmond Road, Suite 370, Beachwood, OH 44122.

15.     According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Gulf Coast LLC is an Ohio corporation and may be served with process on its registered agent SMDK Agency, Inc., 3333 Richmond Road, Suite 370, Beachwood, OH 44122.

16.     According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Lyndhurst LLC is an Ohio corporation and may be served with process on its registered agent SMDK Agency, Inc., 3333 Richmond Road, Suite 370, Beachwood, OH 44122.

17.     According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Naples LLC is an Ohio corporation and may be served with process on its registered agent SMDK Agency, Inc., 3333 Richmond Road, Suite 370, Beachwood, OH 44122.

18.     According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern North Olmsted LLC is an Ohio corporation and may be served with process on its registered agent SMDK Agency, Inc., 3333 Richmond Road, Suite 370, Beachwood, OH 44122.

19.     According to its corporate filings with the Ohio Secretary of State, Defendant Burntwood Tavern Solon LLC is an Ohio corporation and may be

served with process on its registered agent Bret J Adams, 504 Washington St.,

Chagrin Falls, OH 44022.

20.     According to its corporate filings with the Ohio Secretary of State,

Defendant M Italian, LLC is an Ohio corporation and may be served with process

on its registered agent Joseph Marino, PO Box 45, Chagrin Falls, OH 44022.

21.     According to its corporate filings with the Ohio Secretary of State,

Defendant Rose Italian Kitchen Cuyahoga Falls LLC is an Ohio corporation doing

business as Leo's Italian Social and may be served with process on its registered

agent SMDK Agency, Inc., 3333 Richmond Road, Suite 370, Beachwood, OH

44122.

22.     According to its corporate filings with the Ohio Secretary of State,

Defendant Rose Italian Kitchen Solon LLC is an Ohio corporation and may be

served with process on its registered agent SMDK Agency, Inc., 3333 Richmond

Road, Suite 370, Beachwood, OH 44122.

23.     Defendants owned and operated approximately 15 restaurant locations

in Ohio and Florida during the FLSA and Class Action relevant periods using the

trade name and concepts of Burntwood Tavern, M Italian, Rose Italian Kitchen,

and Leo's Italian Social.

24.     Plaintiff frequently worked over 40 hours in a workweek during his

period of Sous Chef employment, and received one or more paychecks on the

regularly scheduled pay dates for such workweeks within the FLSA and Class

Action relevant periods that did not contain overtime premiums.

25. At all material times, Plaintiff was an employee as defined in 29

U.S.C. § 203(e)(1) and the statutes at issue in the Class Action.

26. Upon information and belief, Defendant CAPRG was an "employer"

of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d) and the statutes at issue in

the Class Action for one or more weeks of his Sous Chef employment.

27. Upon information and belief, Defendants Burntwood Tavern

Cuyahoga Falls, LLC, Burntwood Tavern Fairlawn LLC, Burntwood Tavern

Lyndhurst LLC, and Burntwood Tavern Solon LLC were "employer[s]" of

Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d) and the statutes at issue in

the Class Action for one or more weeks of his Sous Chef employment.

28. Upon information and belief, Defendants Burntwood Tavern

Cuyahoga Falls, LLC, Burntwood Tavern Fairlawn LLC, Burntwood Tavern

Lyndhurst LLC, and Burntwood Tavern Solon LLC are subsidiaries of Defendant

CAPRG.

29. Upon information and belief, all restaurant location specific corporate

entities named as defendants in this action are subsidiaries of Defendant CAPRG.

30. During one or more weeks of Plaintiff's Sous Chef employment,

Defendant CAPRG jointly employed Plaintiff and the Collective Members under

the FLSA and the statutes at issue in the Class Action as a joint employer and/or joint enterprise with each separate corporate entity created for each Burntwood Tavern, M Italian, or Rose Italian restaurant location managed and operated by CAPRG including but not limited to each entity named as defendants in this action, including jointly employing (with Burntwood Tavern Cuyahoga Falls, LLC, Burntwood Tavern Fairlawn LLC, Burntwood Tavern Lyndhurst LLC, and Burntwood Tavern Solon LLC) Plaintiff during his period of employment as a Sous Chef at the Burntwood Tavern Cuyahoga Falls, Fairlawn, Lyndhurst, and Solon restaurant locations.

31. During one or more weeks within the FLSA and Class Action relevant periods, Defendant CAPRG and each of the entities named as defendants in this pleading were an enterprise engaged in related activities performed through a unified operation or common control for a common business purpose as defined by Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

32. During one or more weeks within the FLSA and Class Action relevant periods, Defendant CAPRG and each of the entities named as defendants in this pleading were an enterprise engaged in related activities performed through a unified operation or common control for a common business purpose as defined by Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

33. During one or more weeks within the FLSA and Class Action relevant

periods, Defendants were an enterprise engaged in commerce or the production of goods for commerce as defined by Section 3(s) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

34. During one or more weeks within the FLSA and Class Action relevant periods, each Defendant was an enterprise engaged in commerce or the production of goods for commerce as defined by Section 3(s) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## DEFENDANTS ARE A SINGLE ENTERPRISE AND SINGLE EMPLOYER

35. During one or more weeks within the FLSA and Class Action relevant periods, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

36. During one or more weeks within the FLSA and Class Action relevant

periods, Defendants performed related activities through unified operation and common control for the common business purpose of operating the Burntwood Tavern, M Italian, Rose Italian Kitchen, and Leo's Italian Social restaurants in Ohio and Florida.

37.    Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of Burntwood Tavern, M Italian, Rose Italian Kitchen, and Leo's Italian Social restaurants within Ohio and Florida.

38.    Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

39.    The Burntwood Tavern, M Italian, Rose Italian Kitchen, and Leo's Italian Social restaurants are controlled by CAPRG, which directs, governs, and administers the performance of Defendants' operation and maintenance of Burntwood Tavern, M Italian, Rose Italian Kitchen, and Leo's Italian Social restaurants in Ohio and Florida.

40.    Defendants run each restaurant within the Burntwood Tavern, M Italian, Rose Italian Kitchen, and Leo's Italian Social restaurant concepts identically, or virtually identically, and Defendants' customers can expect the same kind of food and beverage products and service at any location operating the

same concept.

41.    For one or more weeks within the FLSA and Class Action relevant periods, Defendant CAPRG made policy decisions that apply to all of the Burntwood Tavern, M Italian, Rose Italian Kitchen, and Leo's Italian Social restaurants.

42.    Defendant CAPRG represents itself to the general public through its website as operating the Burntwood Tavern, M Italian, Rose Italian Kitchen, and Leo's Italian Social restaurant concepts.[1]

43.    During one or more weeks within the FLSA and Class Action relevant periods, Defendant CAPRG and each of the Burntwood Tavern corporate entities created for each such restaurant location represented themselves to the general public through the Burntwood Tavern website as one restaurant company operating the Burntwood Tavern concept at multiple locations.[2]

44.    During one or more weeks within the FLSA and Class Action relevant periods, Defendant CAPRG and the M Italian corporate entity created for such restaurant location represented themselves to the general public through the M Italian website as one restaurant company operating the M Italian concept.[3]

45.    During one or more weeks within the FLSA and Class Action relevant

---

[1] https://www.chefartpour.com/ (last viewed November 13, 2019).

[2] https://www.burntwoodtavern.com/ (last viewed November 13, 2019)

[3] https://www.mitalian.com/read-me-1 (last viewed November 13, 2019)

periods, Defendant CAPRG and the Rose Italian Kitchen corporate entity created for such restaurant location represented themselves to the general public through the Rose Italian Kitchen website as one restaurant company operating the Rose Italian Kitchen concept.[4]

46.     During one or more weeks within the FLSA and Class action relevant periods, Defendant CAPRG and the Leo's Italian Social corporate entity created for such restaurant location represented themselves to the general public through the Leo's Italian Social website as one restaurant company operating the Leo's Italian Social concept.[5]

47.     The CAPRG website allows potential job applicants to apply for employment at any of the Burntwood Tavern, M Italian, Rose Italian Kitchen, or Leo's Italian Social locations (including for the Sous Chef position at issue), using a common job application form for all restaurants.[6]

48.     The Burntwood Tavern website allows potential job applicants to apply for employment at any of the Burntwood Tavern restaurant locations (including for the Sous Chef position at issue), using a common job application form for all restaurants.[7]

49.     During one or more weeks within the FLSA and Class Action relevant

---

[4] https://www.roseitaliankitchen.com/ (last viewed November 13, 2019)
[5] https://www.leositaliansocial.com/ (last viewed November 13, 2019)
[6] https://www.chefartpour.com/employment (last viewed November 13, 2019)
[7] https://www.chefartpour.com/employment (last viewed November 13, 2019)

periods, one or more of the corporate entities created for each such restaurant location shared employees on a temporary basis between their restaurant locations and that of one or more other corporate entities created for another restaurant location.

50.     Plaintiff himself moved between four different locations during his employment as a salary-paid Sous Chef internally classified by Defendants as exempt during the relevant period.

51.     Defendants operate the various restaurant locations from the same company headquarters.

52.     Defendants advertise together on the same website.

53.     Defendants provide the same array of products and services to their customers at their restaurant locations.

54.     The "Chef Art Pour" family of restaurants exist under the control and direction of Defendants.

55.     This family of restaurants and bars provide the same service product to its customers by using a common system of internally classifying positions as exempt or non-exempt when conducting its business.

56.     Part of that common system of internally classifying positions as exempt is the wage violations alleged in this complaint.

## JURISDICTION & VENUE

57.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

58.     Venue is proper in the Cleveland forum of this judicial district under 28 U.S.C. § 1391 because Defendants operate restaurants in the Cleveland forum of this judicial district; Defendants operate out of the corporate headquarters for Chef Art Pour Restaurant Group located at 18 W. Orange St., Floor 3, Chagrin Falls, Ohio within the Cleveland forum of this judicial district; Plaintiff worked for and received paychecks from one or more Defendants in the Cleveland forum of this judicial district; and a substantial part of the events giving rise to the claim herein occurred in the Cleveland forum of this judicial district, including but not limited to Plaintiff's employment in the Cleveland forum of this judicial district.

59.     Defendants are subject to personal jurisdiction in this judicial district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

60.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims individually and as a collective action on behalf of all persons who are or were formerly employed by Defendants as Sous Chefs at any time during the FLSA relevant period (the "Collective Action Members").

61.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the other Sous Chefs.

62.     There are many similarly situated current and former Sous Chefs who have not been paid overtime premiums for hours worked over 40 in a workweek in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it; thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

63.     The similarly situated Collective Action Members are known to Defendants, are readily-identifiable, and can be located through Defendants' records.

## STATEMENT OF FACTS

64.     Defendants employed Plaintiff and the Collective Members as Sous Chefs during the FLSA relevant period and Class Action relevant period.

65.     Defendants maintained control, oversight, and discretion over the operation of all of its company-owned CAPRG restaurant locations, including its employment practices with respect to the Sous Chefs.

66.     Plaintiff's and the Sous Chefs' work was performed in the normal course of Defendants' business and was integrated into it.

67.     Consistent with the Defendants' policy, pattern and/or practice, Plaintiff and Sous Chefs worked over 40 hours in one or more workweeks, but Plaintiff and the Sous Chefs did not receive overtime premiums on one or more regularly scheduled pay dates within the relevant period for hours worked as Sous

Chefs in excess of 40 in those workweeks.

68.     The work that the Plaintiff and the Sous Chefs performed was assigned by Defendants and/or Defendants were aware of the work that they have performed.

69.     The work that Plaintiff and the Sous Chefs performed as part of their primary duty required little skill and no capital investment.

70.     The work that Plaintiff and the Sous Chefs performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

71.     Regardless of the CAPRG restaurant location at which they worked, Plaintiff's and the Sous Chefs' primary job duties included:

        a.     preparing food;
        b.     cleaning; and
        c.     checking inventory.

72.     Regardless of the CAPRG restaurant location at which they worked, Plaintiff's and the Sous Chefs' primary job duties did not include:

        a.     hiring;
        b.     firing;
        c.     disciplining other employees;
        d.     scheduling;
        e.     supervising and delegating; or
        f.     exercising meaningful independent judgment and discretion.

73.      Plaintiff's and the Sous Chefs' primary duties were manual in nature and were not performed in an office.

74.     The performance of manual labor duties occupied the majority of
Plaintiff's and the Sous Chefs' working hours.

75.     Pursuant to a centralized, company-wide policy, pattern and/or
practice, Defendants internally classified, and paid, all of its Sous Chef positions,
including Plaintiff's and the Sous Chefs' positions, as exempt from the maximum
hour overtime compensation requirements of the FLSA and the statutes at issue in
the Class Action, throughout each statutory relevant period.

76.     Upon information and belief, Defendants did not perform a person-by-
person analysis of the Sous Chefs' job duties when making the decision to classify
the Sous Chefs (and other similarly-situated current and former employees holding
comparable positions but different titles) as exempt from the overtime provisions
of the FLSA.

77.     Defendants are, and at all material times have been, aware that the
FLSA's overtime pay provisions apply to Defendants.

78.     Defendants' conduct alleged herein was willful and/or in reckless
disregard of the applicable wage and hour laws and was undertaken pursuant to
Defendants' centralized, company-wide policy, pattern, and/or practice of
attempting to minimize labor costs by not paying overtime premiums to its Sous
Chefs.  Defendants knew that Sous Chefs were not performing work that plainly
and unmistakably complied with any FLSA exemption and it acted willfully or

recklessly in failing to classify Plaintiff in his Sous Chef position and other Sous Chefs as non-exempt employees.

79.    During the relevant periods, Defendants were aware or should have been aware, through its management-level employees, that Plaintiff in his Sous Chef position and Sous Chefs were primarily performing non-exempt duties.

80.    During the relevant periods, Defendants were aware that Plaintiff and one or more Sous Chefs worked in excess of 40 hours per workweek on one or more occasion.

81.    During the relevant periods, Defendants were aware that when Plaintiff and any Sous Chef worked in excess of 40 hours per workweek, Plaintiff and each such Sous Chef did not receive overtime pay under the FLSA or the statutes at issue in the Class Action on the regular pay dates for those workweeks.

82.    During the relevant periods, Defendants knew or recklessly disregarded the fact that the FLSA and the statutes at issue in the Class Action required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

83.    Defendants pay employees as salary-paid and internally classified as exempt from the overtime laws during the period of their Sous Chef training.

84.    Defendants knew or should have known that under 29 C.F.R. § 541.705, none of the bona fide exemptions under the FLSA could apply to

19

Plaintiff's and the Sous Chefs' work during their period of training for employment as a Sous Chef.

85.     Defendants' unlawful conduct was therefore willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime premiums to Sous Chefs.

86.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Sous Chefs. This policy and pattern or practice includes but it is not limited to:

> a.     willfully misclassifying Plaintiff and the Collective Action Members as exempt from the requirements of the FLSA, not only during their full-time Sous Chef employment but also during their training periods to become Sous Chefs;
>
> b.     willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week;
>
> c.     requiring Plaintiff and the Collective Action Members to perform non-exempt tasks as their primary duties; and

d. willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities.

87. Defendants' willful violations of the FLSA are further demonstrated by the fact that during the FLSA relevant period, Defendants failed to maintain accurate and sufficient time records of work start and stop times for Plaintiff and the Collective Action Members.

88. Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not record all hours worked by Plaintiff and the Collective Action Members during the FLSA relevant period.

**FIRST CAUSE OF ACTION**
**Fair Labor Standard Act – Unpaid Overtime Wages**
**On Behalf of Plaintiff and the FLSA Collective**

89. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

90. Defendants are subject to the coverage of the maximum hours and overtime compensation provisions of the FLSA.

91. At all relevant times, Defendants employed Plaintiff, and employed or continues to employ each of the Collective Action Members, within the meaning of the FLSA.

21

92.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed above in this Complaint.

93.     Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the attached consent filed contemporaneously herewith.

94.     The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendants.

95.     During the relevant period and continuing to the present time, Defendants had a policy and practice of not paying overtime premiums to Plaintiff and its Sous Chefs (and similarly-situated employees in comparable Assistant Manager positions but holding different titles), for hours worked in excess of 40 hours per workweek.

96.     As a result of Defendants' willful failure to compensate its Sous Chefs, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

97.     As a result of Defendants' willful failure to record, report, credit and/or compensate Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of those employees

22

sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

98.     As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for its locations, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

99.     Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, Defendants' actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff and the Collective Action Members were manual labor and included other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, and Defendants instituting a policy and practice that did not record all hours worked by Plaintiff and the Collective Action Members, Defendants knew and/or showed reckless disregard that their conduct was prohibited by the FLSA, 29 U.S.C. § 255(a).

100.     As a result of Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled (a) to recover from

Defendants unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

101.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
**Unpaid Overtime Wages On Behalf of Plaintiff and the Ohio Class**

102.    Plaintiff and the Class Action members were subject to Defendants' common and company-wide policy and practice of internally classifying and paying Plaintiff and the Sous Chefs as exempt from Ohio's statutory overtime pay provisions, resulting in failure to pay overtime at a rate of time and one-half the required regular rate, inclusive of all compensation not excludable form the regular rate calculations under applicable law.

103.    Plaintiff and the Class Action members' wages owed for overtime hours worked remained unpaid for thirty days beyond each regularly scheduled payday, entitling them under Ohio Rev. Code Ann. § 4113.15(b) to an amount equal to six per cent of the amount of the amounts still unpaid or two hundred dollars, whichever is greater.

104.    Defendants employed 40 or more Sous Chefs whose regularly scheduled pay dates for hours worked as Sous Chefs in one or more workweeks

fell within the two-year period preceding the date of this Complaint and continuing through judgment.

105.    Common questions of law and fact exist to all members of the Class Action and predominate over any questions solely affecting individual members of the Class Action, including, but not limited to:

a.      Whether Defendants unlawfully failed to fully pay the required amount of overtime compensation to members of the proposed Class Action in violation of Ohio's laws;

b.      The proper measure of damages sustained by the members of the proposed Class Action; and

c.      Whether the Court should grant declaratory relief finding Defendants violated the Ohio laws at issue in the Class Action.

106.    Plaintiff will fairly and adequately protect the interests of the members of the Class Action because he suffered the same common and company-wide violation, his interests are aligned with the members of the Class Action, and he has retained counsel experienced in complex wage and hour class and collective action litigation.

107.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class Action members predominate over any questions affecting only individual members of the Class

Action, and because a hybrid class action for the Class Action and FLSA collective action for FLSA claims is superior to other available methods for the fair and efficient adjudication of this litigation.

108. Defendants' common and uniform policies and practices denied the Class Action members the overtime compensation to which they were entitled.

109. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecution of the claims at issue in this litigation.

110. In addition, a hybrid class action for the Class Action claims and FLSA collective action for FLSA claims is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against multiple large statewide corporate defendants; prosecuting thousands of identical lawsuits nationwide does not promote judicial efficiency or equity and consistency in judicial results.

111. Class certification of the Class Action is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class Action members, making appropriate declaratory relief with respect to the Class Action members.

112. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## PRAYER FOR RELIEF

Therefore, Plaintiff seeks entry of a judgment against Defendants finding liability under the FLSA and the statutes at issue in the Class Action, and entering the following relief on behalf of himself and all others similarly-situated:

A.  Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B.  Certification of the Ohio Class Action claims pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the Class Action;

C.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the statutes at issue in the Class Action;

D.  An award of unpaid wages under the FLSA and the statutes at issue in the Class Action for all hours worked as salary-paid Sous Chefs in excess of 40 in a workweek at a rate of one and one-half times the

regular rate of pay, in a manner consistent with the methodology

adopted by the district courts in *Lindsey v. Tire Discounters, Inc.*, No.

2:15-cv-3065, 2017 U.S. Dist. LEXIS 197996, at \*58-59 (S.D. Ohio

Dec. 1, 2017) and *Snodgrass v. Bob Evans Farms, LLC*, No. 2:12-cv-

768, 2015 U.S. Dist. LEXIS 33621 (S.D. Ohio Mar. 18, 2015);

E. Equitable tolling of the FLSA statute of limitations;

F. An award of liquidated damages as a result of Defendants' willful

failure to pay for all hours worked in excess of 40 in a workweek at a

rate of time and one-half of the regular rate of pay pursuant to 29

U.S.C. § 216;

G. An award under Ohio Rev. Code Ann. § 4113.15(b) of an amount

equal to six per cent of the amount of the overtime wages still unpaid

thirty days after each Sous Chef's regularly scheduled pay date for

overtime hours worked as salary-paid Sous Chefs, or two hundred

dollars, whichever is greater.

H. An award of damages representing the employer's share of FICA,

FUTA, state unemployment insurance, and any other required

employment taxes;

I. An award of all allowable interest;

J.     An award of costs and expenses of this action together with

reasonable attorney's fees and an award of a service payment to the

Plaintiff; and

K.     Such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff, individually and on behalf of the FLSA Collective Action

Members and the Class Action members, demands a trial by jury for all issues so

triable.

Dated: November 13, 2019

Respectfully submitted,

*/s/ Bethany A. Hilbert*
C. Andrew Head (*IL 6318974*)
Bethany A. Hilbert (*IL 6280213*)
Attorneys for Plaintiff
**HEAD LAW FIRM, LLC**
4422 N Ravenswood Ave
Chicago, IL 60640
T: (404) 924-4151
F: (404) 796-7338
E: ahead@headlawfirm.com
bhilbert@headlawfirm.com