# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOHNATHAN KILMER, on behalf of himself and all others similarly situated, | CASE NO. 1:19-CV-02660 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| -vs- | |
| BURNTWOOD TAVERN HOLDINGS LLC d/b/a CHEF ART POUR RESTAURANT GROUP LLC, an Ohio Corporation, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

Currently pending is Defendants' Motion for Stay of Litigation Pending Re-Opening of Bars and Restaurants in Ohio with Incorporated Memorandum in Support filed on March 16, 2020 ("Defendants' Motion"). (Doc. No. 51.) Plaintiffs filed an Opposition to Defendants' Motion on March 25, 2020. (Doc. No. 53.) Defendants did not file a Reply in support of Defendants' Motion, and the time has passed for doing so. Therefore, Defendants' Motion is ripe for a ruling.

Defendants seek a stay of proceedings in this matter based upon Governor Mike DeWine's March 15, 2020 order closing all bars and restaurants in the State of Ohio until further notice, with the exception of carry-out or delivery orders. (Doc. No. 51 at 2.) They request that this Court stay this litigation until fourteen calendar days following the full and complete rescission of Governor DeWine's order. (Doc. No. 51 at 3.)

When evaluating the propriety of a stay request, this Court must consider the following factors: "(1) any prejudice to the non-moving party if a stay is granted, (2) any prejudice to the moving party if a stay is not granted, and (3) the extent to which judicial economy and efficiency would be

served by the entry of a stay." *Williams v. City of Cleveland*, No. 1:09-cv-02991, 2011 WL 2848138, at *2 (N.D. Ohio July 14, 2011) (internal citation omitted).

Defendants assert that Plaintiff and the current opt-in plaintiff will not experience any prejudice by the stay, arguing that "their claims will simply proceed at a slightly later date." (Doc. No. 51 at 3.) Plaintiffs counter this argument by stating that a stay would be prejudicial to the putative opt-ins due to the continued running of the statute of limitations, unless the Court were to toll the statute of limitations. (Doc. No. 53 at 2-3.) Indeed, Plaintiffs' counsel assert that they reached out to Defendants' counsel to request that they agree to a tolling of the statute of limitations, but Defendants' counsel refused. The Court finds that absent an agreement to toll the statute of limitations as to the opt-in plaintiffs, or this Court tolling the statute of limitations as to the opt-in plaintiffs, these opt-in plaintiffs will be prejudiced. Therefore, this factor weighs in favor of denying Defendants' Motion.

Defendants contend that they will experience significant prejudice if a stay is not granted because "their entire business is now dependent on food deliveries (through third-party services which cost the Defendants a fee) or curb-side food pickup, for which lower valued and lower profit fare is best suited." (Doc. No. 51 at 3.) They assert that they are not able to expend time and resources on the instant litigation while simultaneously obeying Governor DeWine's order. In response, Plaintiffs assert that there is nothing Defendants are required to do now except produce a list of names and contact information of its current and former employees covered by the collective action definition that Defendants have already stipulated to, and correctly point out that "Defendants' motion does not even attempt to claim that exporting the limited scope of names and contact information

2

from Defendants' personnel database would involve any significant amount of time or expenditure of resources." (Doc. No. 53 at 4.) Thus, this factor weighs against granting Defendants' Motion.

As to the third factor this Court must weigh in evaluating Defendants' Motion, Defendants submit that "[t]he Court's resources, efficiency and judicial economy is likewise served by this stay inasmuch as it gives predictability to a chaotic state of affairs in northern Ohio, eliminates the need for additional filings requesting continuances or deadline extensions, and ensures a cleaner and easier management of this lawsuit's docket." (Doc. No. 51 at 3.) However, as Plaintiffs correctly point out, competing motions on conditional certification have already been filed and it is now incumbent on the Court to evaluate and rule on those motions. The chaotic state of affairs in northern Ohio will have no impact on the Court's ability to do so. And, the Court is ready, willing and able to evaluate any additional filings requesting continuances or deadline extensions. Thus, this factor does not weigh in favor of granting Defendants' Motion.

Accordingly, Defendants' Motion is **DENIED**.

**IT IS SO ORDERED.**

Date:  April 3, 2020

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE